IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL J. JONES,

                                         Plaintiff,

OPINION AND ORDER

14-cv-109-bbc[1]

v.

OFFICERS SWENSON, CAUDILLO
and PRESTON,

                                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Michael J. Jones, a prisoner incarcerated at the Columbia Correctional Institution, has submitted a proposed civil action under 42 U.S.C. § 1983, alleging that correctional officers have harassed him and exposed him to danger at the hands of other inmates. Plaintiff seeks leave to proceed <u>in forma pauperis</u> and has made an initial partial payment of the filing fee, as previously ordered by the court. The next step is to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In addressing any pro se litigant's complaint, the court must read the allegations of the complaint generously. <u>McGowan v. Hulick</u>, 612 F.3d 636, 640 (7th Cir. 2010). After reviewing plaintiff's

---

[1] I am assuming jurisdiction over this case for the purpose of issuing this order.

complaint, I conclude that he may not proceed at this time because his complaint does not satisfy the pleading requirements of Federal Rule of Civil Procedure 8.

The following facts are drawn from plaintiff's complaint.

ALLEGATIONS OF FACT

Plaintiff Michael J. Jones is an inmate at the Columbia Correctional Institution. Defendants Swenson, Caudillo and Preston are correctional officers at the prison.

Starting on June 19, 2013, defendants harassed plaintiff in the showers, saying that he had a small penis and laughing at him. They "picked on [plaintiff] and treated him like dirt," humiliating him every time he took a shower. He was treated worse than all other inmates, particularly the white inmates.

When plaintiff said he would sue the prison, he got "credible threats of immediate harm from inmates . . . because staff and inmates stuck together against [him]." Plaintiff states that "'they" put him in danger of sexual assault and "other objectively unconstitutional conditions."

OPINION

Plaintiff alleges that he was harassed by defendants and when he complained about it, he was threatened and placed in danger. Usually, verbal harassment alone is not sufficient to support a constitutional claim. Dewalt v. Carter, 224 F.3d 607, 612 (7th Cir. 2000) ("[S]imple verbal harassment does not constitute cruel and unusual punishment, deprive a

prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."); Dobbey v. Illinois Department of Corrections, 574 F.3d 443, 446 (7th Cir. 2009) ("[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment.").

However, plaintiff seems to be saying that after he complained about this harassment, he was threatened, placed in danger of sexual assault and faced other "unconstitutional conditions." To the extent that prison officials threatened him with harm, failed to protect him from harm or retaliated against him in response to him complaining about the harassment, he may be able to state a constitutional claim. The problem with plaintiff's allegations regarding these actions is that it is difficult to tell what threats plaintiff faced and whether the named defendants are responsible for them. Federal Rule of Civil Procedure 8 requires a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff must also show which defendants are responsible for each constitutional violation he believes occurred.

Because plaintiff's allegations do not pass muster under Rule 8, I will dismiss the complaint and will give plaintiff an opportunity to file an amended complaint that provides fair notice to defendants of the claims he is asserting against them. Plaintiff should draft the amended complaint as if he were telling a story to people who know nothing about his situation. This means that someone reading the complaint should be able to answer the following questions:

- How and to whom did plaintiff complain about the verbal harassment?
- What did defendants do to retaliate against him?

- How does plaintiff know that defendants meant to retaliate against him?

- What danger or unconstitutional conditions of confinement did plaintiff face?

- What did defendants do to protect plaintiff from these dangers or conditions?

To the extent that plaintiff believes that other prison officials besides Swenson, Caudillo and Preston violated his rights, he may include those officials as defendants, but he will have to amend the caption of his complaint to include those officials and explain in the body of the complaint what they did to violate his rights.

I will give plaintiff a short time to file an amended complaint. If he does not submit an amended complaint by this deadline, I will direct the clerk of court to enter judgment in favor of defendants and close the case.

ORDER

IT IS ORDERED that

1. Plaintiff Michael J. Jones is DENIED leave to proceed on constitutional claims that defendant officers Swenson, Caudillo and Preston verbally harassed him.

2. The remainder of plaintiff's complaint, dkt. #1, is DISMISSED for failure to comply with Fed. R. Civ. P. 8. Plaintiff may have until May 7, 2014 to submit an amended complaint. If plaintiff fails to do so by this deadline, I will direct the clerk of court to enter

judgment in favor of defendants.

Entered this 17th day of April, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge