IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL J. JONES,

                    Plaintiff,

   v.

OFFICER SWENSEN,

                    Defendant.

ORDER

14-cv-109-jdp

---

Plaintiff Michael J. Jones, a prisoner incarcerated at the Columbia Correctional Institution, brings claims under the First and Fourteenth Amendments that defendant Correctional Officer Ronald Swensen retaliated against plaintiff's complaints of harassment by either encouraging inmates to threaten him or failing to stop them from doing so. Defendant has filed a motion for summary judgment, to which plaintiff has not responded. He has instead filed several submissions that I will address before giving plaintiff a new deadline to file his summary judgment response.

Plaintiff has submitted a letter asking for clarification about several aspects of his claims. Dkt. 36. He asks whether he may proceed with claims for "mental and emotional distress 1997E(E)." *Id.*, at 1. I take this to mean that plaintiff is asking whether he is barred from pursuing damages for mental and emotional harm under 42 U.S.C. § 1997e(e), which states:

> (e)Limitation on recovery
>
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18).

Whether plaintiff may seek damages for mental or emotional harm depends on whether he can show that he also sustained a physical injury. Based on plaintiff's allegations, he seems to be saying that he was threatened by defendant and other prisoners but not that he was actually physically attacked. If this is so, he will not be able to recover compensatory damages for mental or emotional harm. This does not foreclose his ability to pursue injunctive relief, to recover nominal damages of $1 to recognize the violation of plaintiff's rights, or to recover punitive damages to punish defendant for violating plaintiff's rights and to deter prison officials from behaving this way in the future.

Plaintiff also asks whether he "may . . . proceed under-deliberate indifference, (subjective component) plus retaliation and equal protection clause." Dkt. 36, at 1. As I stated in the court's March 11, 2015, screening order, I have allowed plaintiff to proceed on a retaliation claim under the First Amendment and an equal protection claim under the Fourteenth Amendment. Dkt. 24, at 3-4. I did not allow him to proceed on a separate Eighth Amendment deliberate indifference claim regarding the verbal harassment he faced. *Id.*, at 3. Plaintiff does not provide any argument for reconsidering the rulings I made in the screening order so I will not construe this document as a motion for reconsideration.

Plaintiff has also filed a series of submissions in which he discusses his inability to litigate the case and renews his motion for recruitment of counsel. Dkt. 43, 44, 59. In the March 11, 2015, order, I denied plaintiff's initial motion for recruitment of counsel because he failed to show that he had made efforts to obtain counsel and because it was too early in the case to make the determination that this case would be too difficult for him to litigate on his own. Dkt. 24, at 5.

Now plaintiff has submitted three letters from lawyers who have declined to represent him. However, I am not convinced that the complexity of this case will outstrip plaintiff's abilities. Plaintiff suggests that he made a "costly error" by authorizing defendant's access to his medical and psychological records. In his motion for summary judgment, defendant argues in part that the events plaintiff describes are untrue because plaintiff has a history of delusional thoughts. So plaintiff's medical history may be relevant and it is not an error for defendant to have access to that information. But looking at defendant's summary judgment motion, it seems that issues regarding plaintiff's possible delusions are only a small part of the larger factual question over whether defendant actually harassed and then retaliated against plaintiff. Plaintiff's task will be to provide his version of events, something that he should be able to do without a lawyer. Plaintiff states that he is no longer receiving help from his jailhouse lawyer, but his most recent submissions are crafted well enough that there is no reason to think that he cannot adequately respond to defendant's motion for summary judgment. Accordingly, I will deny plaintiff's renewed motion for recruitment of counsel.

I will give the parties a new deadline to complete briefing on defendant's motion for summary judgment.

## ORDER

IT IS ORDERED that:

1. Plaintiff Michael J. Jones's motion for clarification on his claims, Dkt. 36, is GRANTED.

2. Plaintiff's renewed motions for the court's assistance in recruiting him counsel, Dkt. 43, 44 & 59, are DENIED without prejudice.

3. Plaintiff may have until March 18, 2016, to submit his response to defendant's motion for summary judgment. Defendant may have until March 28, 2016, to file a reply.

Entered February 19, 2016.

          BY THE COURT:

          /s/

          _____
          JAMES D. PETERSON
          District Judge