IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MICHAEL J. JONES,

                           Plaintiff,                                    OPINION & ORDER

        v.

RONALD SWENSEN,                                                          14-cv-109-jdp

                           Defendant.

---

Plaintiff Michael J. Jones, a prisoner incarcerated at the Columbia Correctional Institution (CCI), brings claims under the First and Fourteenth Amendments, contending that defendant correctional officer Ronald Swensen retaliated and discriminated against him for filing an inmate grievance by either encouraging other inmates to threaten him or turning a blind eye to the inmates' threats. Swensen has filed a motion for summary judgment. Dkt. 48. Although Jones did not file his response to Swensen's motion on time, I extended the deadline for his response. *See* Dkt. 61. Jones responded to Swensen's motion, but he has also filed a motion to compel Swensen to produce certain documents, and a motion for the court's assistance in recruiting counsel. Dkt. 62.

I will deny Jones's motions and grant Swensen summary judgment. Jones does not explain how Swensen violated the rules of discovery, nor does he seek documents that are relevant. Jones has shown that he has the ability to litigate his claims, but he presents only thin and conclusory proposed findings of fact that are insufficient to withstand summary judgment.

UNDISPUTED FACTS

The following facts are drawn from the verified amended complaint and the parties' summary judgment materials, and are undisputed unless otherwise noted.

Plaintiff Michael J. Jones is an inmate confined at CCI, a maximum-security prison in Portage, Wisconsin. At CCI, Jones has been continuously housed in either DS-1 or DS-2, which are segregation units. Defendant Ronald Swensen is a correctional officer who has worked in DS-1 and DS-2.

Jones has been diagnosed with various mental conditions, which include persecutory-type delusional disorder, antisocial personality disorder, and depressive disorder. Defendant says that Jones also has a documented history of exaggerating his mental health issues for secondary gain: placement in "SMU," a housing unit within CCI that provides activity-based programs for inmates with serious mental illnesses or those with severe impairments.

In May and June 2013, Jones filed a series of inmate complaints, claiming that other inmates violated his privacy by hearing his thoughts and "seeing through his eyes." He also claimed that staff knew what was going on and harassed him about the size of his penis. In at least one of these complaints, Jones identified defendant Swensen as one of the staff members harassing him.

Swensen says that Jones never told him that he filed an inmate grievance against him. But in his verified amended complaint, Jones says that Swensen told him, "You'll pay for telling on me." Dkt. 13, at 3. Jones also said that other inmates told him "your getting your ass kicked for suing." *Id*.

Five months later, Swensen filed his complaint in this case, asserting a wide range of claims. Dkt. 1. I dismissed all claims except two: a retaliation claim and an equal protection

claim. For his retaliation claim, Jones alleges that that he filed an inmate complaint against Swensen, and Swensen retaliated against him by either (1) encouraging other inmates to threaten him or (2) turning a blind eye to the other inmates' threats. As for the equal protection claim, Jones alleges that this same retaliation was based on either his race or gender.

Swensen denies that he has ever encouraged other inmates to threaten Jones or ever knowing that other inmates have threatened Jones. And Swensen states that even if the other inmates did in fact threaten Jones, had he known about those threats, he would have taken steps to stop that behavior by means such as reporting it to a supervisor or writing a disciplinary conduct report.

## ANALYSIS

### A.  Jones's motion to compel

Jones filed a one-page letter that I will construe as including a motion to compel the production of documents. Dkt. 62. The letter states that Swensen "refuses to turn over the discovery questions that [Jones is] requesting[.]" *Id*. It also states that Swensen is "refusing to send [Jones] the police record, criminal history, inmate write ups, internal rules and policies the defendant signed to become an officer, any threats or sexual harassment issues." *Id*. I will deny Jones's motion, because he does not adequately explain how Swensen has violated the rules of discovery.

I have reviewed Swensen's responses to Jones's discovery requests, Dkt. 64-2, at 9-12, and they show no basis to compel Swensen to produce the withheld documents. Jones seeks three categories of documents: (1) all internal rules, policies, procedures, police records,

3

criminal history, and "inmate write ups" related to sexual harassment and threats; (2) all complaints and conduct reports filed against Swensen; and (3) all rules, policies, training materials, and procedures regarding duties of correctional officers. Those requests are overly broad and have at most only tangential relevance to Jones's claims.

In particular, I note that Swensen has already produced the inmate complaints that Jones has filed against Swensen, so Jones is essentially asking Swensen to produce other inmates' complaints against Swensen. But Jones's claims are based on his theory that Swensen retaliated and discriminated against him by either encouraging inmates to threaten him or knowingly ignoring the other inmates' threats. Complaints from other inmates are irrelevant. Further, those complaints from other inmates raise issues concerning privacy and security, as they may disclose private and confidential information about other inmates. Accordingly, I will deny Jones's motion to compel.

## B.  Jones's motion for assistance in recruiting counsel

In the same letter, Jones also asks for the court's assistance in recruiting counsel. Dkt. 62. Although litigants have no right to court-appointed counsel in civil litigation, a district court has discretion to assist in recruiting counsel under 28 U.S.C. § 1915(e)(1). *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014). If a plaintiff has made some reasonable attempt to obtain counsel, the court can consider whether, given the difficulty of the case, the plaintiff is competent to litigate his claims. *Id.* This "inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.* at 565 (quoting *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)).

To support his motion for the court's assistance in recruiting counsel, Jones states the following:

> My case is winnable, but I need an attorney, because I don't know the law. That's why I didn't fill out the summary judgment papers, because I didn't understand what they were saying.

Dkt. 62. I am not convinced that Jones lacks the abilities to litigate his claims. To withstand Swensen's summary judgment motion, Jones needed to present his version of the facts—whether the alleged threats did in fact occur and whether Swensen has anything to do with it. This is a task that Jones was able to perform without an attorney, after I extended the deadline for his summary judgment response.

I have also considered whether Jones's mental illnesses have affected his ability to litigate his claims, because some evidence of mental illness appears in the record. But despite these problems, Jones has made adequate submissions. For example, Jones submitted responses to Swensen's motion for summary judgment, coherently responding to all of Swensen's 55 proposed findings of fact. Dkt. 67. Jones has also engaged in discovery and submitted numerous motions without the assistance of counsel. And although I ultimately conclude that his claims have no merit, his submissions are not the work of someone incapable of litigating his own claims. In short, Jones's submissions show that he has the ability to litigate his claims despite any mental illness that he might have had in the past or is currently suffering. Thus, I will deny Jones's renewed motion for the court's assistance in recruiting counsel.

## C. Swensen's motion for summary judgment

A court may grant summary judgment when no genuine issue of any material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a);

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A genuine issue of a material fact "arises only if sufficient evidence favoring the nonmoving party exists to permit a jury to return a verdict for that party." *Springer v. Durflinger*, 518 F.3d 479, 483 (7th Cir. 2008). Although the court must view the evidence in a light most favorable to the nonmoving party, "the nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Inferences that rely upon speculation or conjecture do not preclude summary judgment. *Stephens v. Erickson*, 569 F.3d 779, 786 (7th Cir. 2009).

### 1. Retaliation claim

Jones contends that he filed an inmate complaint against Swensen and that Swensen retaliated against Jones by either (1) encouraging other inmates to threaten Jones or (2) turning a blind eye to the other inmates' threats. In particular, Jones alleges that he received "credible threats of immediate harm from inmates because staff and inmates stick together against [him]," Dkt. 13, at 2, and Swensen "did nothing to protect [Jones] from these angry inmates." *Id.* at 3. Swensen denies any knowledge of the other inmates' threats or having encouraged the other inmates to threaten Jones. Swensen also states that, had Swensen been aware of those threats, he would have stopped that kind of behavior by inmates.

To state a claim for retaliation under the First Amendment, a plaintiff must establish three elements: (1) he engaged in a constitutionally protected activity; (2) the defendant took a retaliatory action that would deter a person of "ordinary firmness" from engaging in the protected activity; and (3) sufficient facts make plausible that the protected activity was a motivating factor for the retaliation. *Bridges v. Gilbert*, 557 F.3d 541, 556 (7th Cir. 2009).

6

Here, the parties do not dispute that Jones's filing of an inmate complaint against Swensen is a constitutionally protected activity. They instead dispute whether Jones can show that the inmates did in fact threaten him, whether Swensen encouraged or turned a blind eye to those threats, and whether Swensen's actions or inactions were motivated by Jones's inmate complaint.[1]

Jones's thin allegations cannot withstand summary judgment. In his proposed findings of fact, Jones states as follows:

> I had credible threats of immediate harm from inmates when I
> was talking about suing the prison. Swensen had the inmates
> come at—me—making plans of harming me, if, they caught me,
> I can't go to general population.

Dkt. 73, at 2. This statement, without more, is insufficient to establish that the threats actually occurred or how Jones knew that Swensen had any involvement in the threats. Jones repeats similar conclusory allegations in his other court submissions, and for the same reason, those allegations do not create a genuine issue of fact for trial.

Jones does state in his verified amended complaint that other inmates said to him, "your getting your ass kicked for suing." Dkt. 19, at 3. But this allegation too is insufficient. The statement is arguably hearsay because it is an out-of-court statement offered to prove that the inmates made the threat because Jones filed a complaint against Swensen—or as Jones put it, for "suing." But even assuming that Jones would be able to present this evidence at trial in an admissible form, it is not enough to lead a reasonable jury to find in Jones's

---

[1] Swensen argues in part that no reasonable jury could believe Jones's allegations because he has a history of delusions. If Jones were truly so delusional that I could not tell whether individual statements he made were grounded in reality, I would likely recruit him counsel rather than dismiss the case outright. In any event, because the story Jones tells in his complaint and summary judgment materials is not clearly fantastical, at the summary judgment stage this court cannot discount his testimony as the product of delusions.

favor on the retaliation claim. Although the statement tends to show that the alleged threats did in fact occur, without more, it does not by itself warrant the inference that *Swensen* encouraged those inmates or knowingly ignored the threats.

True, Jones does allege that Swensen said to him, "you'll pay for telling on me," but there is still no connection between this quote by Swensen and the inmates' threats. There is no indication in his amended complaint that Swensen instructed or knowingly ignored the inmates' threats for the purposes of retaliating against Jones. The jury would have to speculate—impermissibly—to connect Swensen to the inmates' threats.

Jones submits a proposed finding that would likely be enough to connect Swensen to the threats, if it were supported by admissible evidence. Jones states, "Swensen would be in the hallway talking to inmates as they said, 'were kicking your ass for snitching on Swensen.' And they would mainly be saying this when he would say, 'Look at your small dick.' Michael Jones, Affidavit/ 3-6-16/ Pg. 6 Ex. A." Dkt. 71, ¶ 32. But the evidence Jones cites in support of this statement does not actually support it.

Although Jones cites "Affidavit/ 3-6-16" for this statement, he does not submit a document one would normally consider an "affidavit," or even a declaration (a person's statement about events in which he swears under penalty of perjury that it is true). But he submits as "Exhibit A" a series of institution documents, mostly concerning his complaints about harassment. Dkt. 67-1. At the bottom of each page, he wrote "Affidavit 3-6-2016." *Id*. So it is clear that Jones means to cite these documents as his "affidavit." But the document he cites in support of the above statement about Swensen's involvement, Dkt. 67-1, at 6, is the reverse side of an "Interview/Information Request" form, which contains nothing about the events in question. This is not necessarily fatal to Jones, because he would not be the first

litigant to cite the wrong page of an exhibit. But nothing on the reverse side of form cited by Jones, Dkt. 67-1, at 5, anything else in the packet of documents he calls his "affidavit," or even his verified complaints, supports his statement that Swensen was present while other inmates threatened Jones for filing lawsuits against Swensen. He therefore fails to present any evidence connecting Swensen to the threats. Accordingly, I will grant Swensen's motion for summary judgment as to Jones's retaliation claim.

### 2.  Equal protection claim

Jones also contends that Swensen chose to retaliate against him because of Jones's race or gender. That is, according to Jones, Swensen encouraged the inmates to threaten Jones or turned a blind eye to the threats because of Jones's race or gender. Jones's failure to create a genuine issue of material fact as to whether Swensen retaliated against him would be reason enough to dismiss the discrimination claim, because this claim is dependent on Jones showing that Swensen retaliated against him.

But even if Jones could show that Swensen retaliated against him, I would grant summary judgment to Swensen on Jones's equal protection claim. To prevail on a discrimination claim under the equal protection clause, a plaintiff must show that he is a member of a protected class similarly situated to members of the unprotected class and that the defendant treated the members of those two classes differently. *Brown v. Budz*, 398 F.3d 904, 916 (7th Cir. 2005); *Felton v. Ericksen*, 366 F. App'x 677, 680 (7th Cir. 2010). The plaintiff must show "discriminatory purpose," which "implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of' . . . its adverse effects upon an identifiable group." *Chavez v. Illinois State Police*, 251 F.3d 612, 645 (7th Cir. 2001) (internal citations omitted).

Jones fails to establish a factual dispute about whether Swensen acted with a discriminatory purpose. To support the contention that Swensen acted with discriminatory purpose, Jones states as follows:

> I was singled out for irrational-and-arbitrary less favorable treatment. They picked on me and treated me like dirt. That's violating my equal protection cla[u]se, because, no other inmate was treated like this. Especially a white inmate.

Dkt. 73, 1. This conclusory allegation cannot establish that Swensen acted with discriminatory purpose on the basis of race. As for the gender discrimination claim, Jones presents no evidence whatsoever. Indeed, he is in an all-male prison.

### ORDER

IT IS ORDERED that:

1.  Plaintiff Michael Jones's motion to compel, Dkt. 62, is DENIED.

2.  Plaintiff's motion for the court's assistance in recruiting counsel, Dkt. 62, is DENIED.

3.  Defendant Ronald Swensen's motion for summary judgment, Dkt. 48, is GRANTED.

4.  The clerk of court is directed to enter judgment for defendant and close this case.

Entered September 27, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge